JANET M. HEROLD
Regional Solicitor
SUSAN SELETSKY
FLSA Counsel
DEMIAN CAMACHO (CSBN 286693)
Trial Attorney
UNITED STATES DEPARTMENT OF LABOR
Office of the Solicitor
350 S. Figueroa Street, Suite 370
Los Angeles, California 90071
Telephone: (213) 894-1594
Facsimile: (213) 894-2064
Email: camacho.demian@dol.gov

Attorneys for Plaintiff, Thomas E. Perez,
Secretary, United States Department of Labor

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THOMAS E. PEREZ,** Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br>v.<br><br>**FITBE, INC.,** a corporation; **HA-JIREH INVESTMENT, INC.,** a corporation; **JABEZ OK CORPORATION**, a corporation; **JYKY, INC.,** a corporation; **TODAH, INC.,** a corporation; **YEHAH CORPORATION,** a corporation; **KWANG HOON OH,** an individual; **YONG BAE KONG,** an individual; **VICTOR HAN,** an individual; **JUSTIN J. PARK,** an individual; all doing business as **WABA GRILL**<br><br>Defendants. | **Case No. 2:17-cv-00446**<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT (FLSA)** |

1. Plaintiff Thomas E. Perez, Secretary of Labor, United States Department of Labor ("the Secretary"), brings this action to enjoin Defendants Fitbe, Inc.;

Ha-Jireh Investment, Inc.; Jabez OK Corporation; JYKY, Inc.; Todah, Inc.; Yehah Corporation; Kwang Hoon Oh (a.k.a. "Kenny Oh"); Yong Bae Kong (a.k.a. "Brian Kong"); Victor Han (a.k.a. "Seung Shik Han"); and Justin J. Park; all doing business as Waba Grill (collectively, "Defendants") from violating the provisions of Sections 7, 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA" or the "Act"), 29 U.S.C. §§ 207, 215(a)(2), and 215(a)(5), and to recover unpaid overtime compensation owed under the FLSA to present and former employees of Defendants including those listed by name on the attached Exhibit A to this Complaint, together with an equal amount as liquidated damages, and civil money penalties, which have been assessed and finally determined, pursuant to FLSA Sections 16(c) and (e), 29 U.S.C. § 216(c) and (e).

2. Jurisdiction of this action is conferred upon the Court by Sections 16 and 17 of the FLSA, 29 U.S.C. §§ 216, 217, and 28 U.S.C. §§ 1331 (federal question) and 1345 (United States as plaintiff).

3. Venue lies in the United States District Court for the Central District of California, pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to the instant claims occurred in this district.

4. At all relevant times, Defendants Fitbe, Inc.; Ha-Jireh Investment, Inc.; Jabez OK Corporation; JYKY, Inc.; Todah, Inc.; and Yehah Corporation are and have been corporations licensed to do business in the State of California, with offices and places of business located in the counties of Los Angeles and San Bernardino, California within the jurisdiction of this Court and have been engaged under the name Waba Grill in the operation of restaurants located at: (a) 4110 Edison Avenue, Ste. 105, Chino, CA (owned and operated by JYKY, Inc.); (b) 440 Auto Center Drive, Claremont, CA 91711 (owned and operated by Todah, Inc.); (c) 1407 N. Azusa Avenue, Covina, CA 91722 (owned and operated by Jabez OK Corporation); (d) 9870 Sierra Avenue, Unit D, Fontana, CA 92335 (owned and operated by Ha-Jireh Investment, Inc.); (e) 800 S. Milliken Avenue, Ontario, CA 91761 (owned and oper-

ated by Fitbe, Inc.); (f) 385 S. Lemon Avenue, Unit A, Walnut, CA 91789 (owned and operated by Yehah Corporation).

5. At all relevant times, Defendant Kwang Hoon Oh (a.k.a. "Kenny Oh") is and was part owner of Defendants Fitbe, Inc.; Ha-Jireh Investment, Inc.; Jabez OK Corporation; JYKY, Inc.; Todah, Inc.; and Yehah Corporation, and is and has been at all relevant times an employer within the meaning of FLSA Section 3(d), 29 U.S.C. § 203(d), in that he was a person acting directly or indirectly in the interest of Defendants Fitbe, Inc.; Ha-Jireh Investment, Inc.; Jabez OK Corporation; JYKY, Inc.; Todah, Inc.; and Yehah Corporation, in relation to their employees and had economic and operational control over these businesses.

6. At all relevant times, Defendant Yong Bae Kong (a.k.a. "Brian Kong") is and was part owner of Defendants Ha-Jireh Investment, Inc.; Jabez OK Corporation; JYKY, Inc.; Todah, Inc.; and Yehah Corporation, and is and has been at all relevant times an employer within the meaning of FLSA Section 3(d), 29 U.S.C. § 203(d), in that he was a person acting directly or indirectly in the interest of Defendants Ha-Jireh Investment, Inc.; Jabez OK Corporation; JYKY, Inc.; Todah, Inc.; and Yehah Corporation, in relation to their employees and had economic and operational control over these businesses.

7. At all relevant times, Defendant Victor Han (a.k.a. "Seung Shik Han") is and was part owner of Defendants Ha-Jireh Investment, Inc.; Todah, Inc.; and Yehah Corporation, and is and has been at all relevant times an employer within the meaning of FLSA Section 3(d), 29 U.S.C. § 203(d), in that he was a person acting directly or indirectly in the interest of Defendants Ha-Jireh Investment, Inc.; Todah, Inc.; and Yehah Corporation, in relation to their employees and had economic and operational control over these businesses.

8. At all relevant times, Defendant Justin J. Park is and was part owner of Defendant Fitbe, Inc., and is and has been at all relevant times an employer within the meaning of FLSA Section 3(d), 29 U.S.C. § 203(d), in that he was a person act-

ing directly or indirectly in the interest of Defendant Fitbe, Inc., in relation to its employees and had economic and operational control over this business.

9. At all relevant times, Defendants employed employees engaged in commerce or in the production of goods for commerce or in handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

10. At all relevant times, Defendants have been an "enterprise," as defined in FLSA Section 3(r), 29 U.S.C. § 203(r), with business activities that are related and performed through unified operation or common control for a common business purpose.

11. At all relevant times, Defendants have been engaged in the operation of an enterprise whose annual gross volume of sales made or business done was not less than $500,000.00. As such, Defendants are and have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of FLSA Section 3(s), 29 U.S.C. § 203(s).

12. Defendants have willfully and repeatedly violated Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by failing to pay their employees at rates not less than one and one-half times the employees' regular rate of pay in workweeks when the employees worked more than forty hours.

13. Defendants have violated Sections 11 and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211 and 215(a)(5), by failing to maintain, keep, make available, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as required under 29 C.F.R. Part 516. Specifically, Defendants failed to make, keep, and preserve accurate records of hours worked by employees.

14. Civil money penalties for repeated and willful violation of the overtime provisions of the FLSA have been assessed and finally determined pursuant to FLSA

Section 16(e), 29 U.S.C. § 216(e).

15. (a) During the relevant statutory period, Defendants repeatedly violated the above-described provisions of the FLSA;

(b) Defendants' violations of FLSA Sections 7 and 15 are willful in nature;

(c) As a result of these FLSA violations, there is unpaid overtime compensation being withheld by Defendants;

(d) Judgment permanently enjoining and restraining such violations of the FLSA is specifically authorized by FLSA Section 17, 29 U.S.C. § 217;

(e) Judgment enjoining and restraining any continued withholding of unpaid overtime compensation due under the FLSA is specifically authorized by FLSA Section 17, 29 U.S.C. § 217;

(f) Judgment awarding unpaid back wages due under the FLSA, plus an equal amount as liquidated damages, is specifically authorized by FLSA Section 16(c), 29 U.S.C. § 216(c).

(g) Judgment awarding unpaid civil money penalties assessed pursuant to FLSA Section 16(e) is specifically authorized by FLSA Section 16(e), 29 U.S.C. § 216(e).

WHEREFORE, cause having been shown, the Secretary prays for a Judgment against Defendants as follows:

(a) For an Order pursuant to Section 17 of the Act, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the provisions of Section 15 of the Act, 29 U.S.C. § 215; and

(b) For an Order:

(1) pursuant to Section 16(c) of the Act, 29 U.S.C. § 216(c), finding Defendants liable for unpaid overtime compensation due to their employees and liqui-

dated damages equal in amount to the unpaid compensation found due Defendants' employees listed in the attached Exhibit A for the relevant statutory period; or in the event liquidated damages are not awarded;

    (2)    pursuant to Section 17 of the Act, 29 U.S.C. § 217, enjoining and restraining Defendants, their officers, agents, servants, employees and those persons in active concert or participation with them, from withholding payment of unpaid back wages found to be due Defendants' employees for the relevant statutory period;

    (3)    For an order awarding unpaid civil money penalties assessed under Section 16(e) of the Act, 29 U.S.C. § 216(e);

(c)    For an Order awarding the Secretary the costs of this action; and

(d)    For an Order granting such other and further legal and equitable relief as may be necessary or appropriate.

DATED: January 19, 2017

M. PATRICIA SMITH
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

SUSAN SELETSKY
FLSA Counsel

By:

*/s/ Demian Camacho*
DEMIAN CAMACHO
Trial Attorney

Attorneys for Plaintiff
United States Department of Labor